# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VERLEE ALBERT, JR. | § | |
| | § | Civil Action No. 4:17-CV-458 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| JIM ZEHETNER | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 6, 2017, the amended report of the Magistrate Judge (Dkt. #24) was entered containing proposed findings of fact and recommendations that Defendant Jim Zehetner's Motion to Dismiss and to Declare Plaintiff Vexatious (Dkt. #5) be granted. Having received the amended report and recommendation of the Magistrate Judge, having considered Plaintiff's Motion to Amend Original Complaint (Dkt. #25), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's amended report (Dkt. #24) should be adopted.

## BACKGROUND

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Accordingly, the Court sets forth only those facts pertinent to Plaintiff Verlee Albert, Jr.'s objections.

Plaintiff Verlee Albert, Jr. was convicted of aggravated robbery and sentenced to twenty-three years' imprisonment on August 28, 2007; his conviction was affirmed by the Fort Worth Court of Appeals on June 5, 2008. *Albert v. State*, No. 2-07-373-CR, 2008 WL 2330941, at *2 (Tex. App.—Fort Worth June 5, 2008, writ ref'd). Albert shoved an eighty-one year old greeter at Walmart while he attempted to push a shopping cart of stolen merchandise out of the store. On

November 11, 2008, Albert filed a petition for habeas corpus relief under 28 U.S.C. § 2254, which was denied on July 19, 2010. *Verlee Albert, Jr. v. 362nd District Court, et al.*, 4:08-CV-418 (E.D. Tex. July 19, 2010). Albert also filed a civil rights suit against Defendant Jim Zehetner in the Eastern District of Texas, Sherman Division, on March 16, 2009, wherein he argued "that Officer Zehetner fabricated his report." *Albert v. Zehetner*, No. CIV.A. 4:09CV125, 2009 WL 1605772, at *1 (E.D. Tex. June 5, 2009). Judge Richard A. Schell, upon recommendation of Magistrate Judge Don D. Bush, dismissed Albert's claim against Defendant Jim Zehetner on June 5, 2009, finding that it was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] The court found:

> a judgment in [Albert's] favor against Officer Zehetner for fabricating the evidence would necessarily imply the invalidity of his conviction. He has not shown that his conviction or sentence has been invalidated. Indeed, he filed the two petitions for a writ of habeas corpus in this Court in an attempt to overturn the conviction. Consequently, the lawsuit is barred by *Heck*. The Plaintiff's lawsuit fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact.

*Id.* at *2.

On March 30, 2017, Albert filed the instant suit against Defendant Jim Zehetner in state court, seeking "a declaration that acts and omissions described herein violated [Plaintiff's]

---

[1] In total, Plaintiff has initiated fifteen separate proceedings related to his conviction, all of which have been dismissed or otherwise denied. *See Albert*, 2008 WL 2330941 (appeal of conviction); *Albert v. 362nd District Court*, No. 4:08-cv-418 (E.D. Tex. July 19, 2010) (habeas corpus proceeding); *Albert v. Zehetner*, No. 4:09-cv-125 (E.D. Tex. June 5, 2009) (prior civil suit against Officer Zehetner); *Albert v. Director, TDCJ-CID*, No. 4:09-cv-219 (E.D. Tex. Mar. 2, 2011) (habeas corpus proceeding and subsequent appeal); *In re Albert*, No. 4:10-cv-678 (E.D. Tex. Mar. 15, 2012) (petition for writ of mandamus); *Albert v. Adelstein*, No. 02-13-00073-CV, 2013 WL 4017511, at *1 (Tex. App.—Fort Worth Aug. 8, 2013, no pet.) (civil suit against Adelstein, Johnson, Shipman, and Robison and subsequent appeal); *In re Albert*, No. 02-13-00010-CV, 2013 WL 627022, at *1 (Tex. App.—Fort Worth Feb. 21, 2013) (petition for writ of mandamus); *In re Albert*, No. 02-13-00121-CV, 2013 WL 1459526, at *1 (Tex. App.—Fort Worth Apr. 11, 2013) (petition for writ of mandamus); *In re Albert*, No. 02-13-00373-CV, 2013 WL 5967090, at *1 (Tex. App.—Fort Worth Nov. 7, 2013) (petition for writ of mandamus); *In re Verlee*, No. 02-15-00099-CV, 2015 WL 1543922, at *1 (Tex. App.—Fort Worth Mar. 26, 2015) (petition for writ of mandamus); *In re Albert*, No. 13-40013 (5th Cir. Mar. 6, 2013) (motion for authorization to file successive petition from judgment in *Albert*, 2008 WL 2330941); *In re Albert*, No. 14-40245 (5th Cir. July 22, 2014) (motion for authorization to file successive habeas corpus petition); *In re Albert*, No. 16-40681 (5th Cir. July 21, 2016) (motion for authorization to file successive habeas corpus petition); *In re Albert*, No. 02-16-000370-CV (Tex. App.—Fort Worth May 11, 2017) (petition for expunction and subsequent appeal).

2

rights….[a] permanent injunction ordering [Officer Zehetner] [to admit] that he fabricated a government document" (Dkt. #1-1 at p. 3). Albert once again alleges that Officer Zehetner, an officer in the Hickory Creek Police Department, arrested Albert and subsequently falsified a police report "in cause no. F-2007-0838-C" (Dkt. #1-1 at p. 6). Albert asserts that the instant case is filed "to redress the deprivation under color of state law of the rights secured by the Due Course Of Law, in conjunction with the Constitution of the United States" (Dkt. #1-1 at p. 4). On June 29, 2017, Officer Zehetner timely removed the case to the Eastern District of Texas, Sherman Division (Dkt. #1). The next day, on June 30, 2017, Defendant filed a Motion to Dismiss and to Declare Plaintiff Vexatious (Dkt. #5). Albert responded to the Motion to Dismiss on July 28, 2017 (Dkt. #11). Officer Zehetner filed a reply on August, 4, 2017 (Dkt. #13). On August 14, 2017, Albert filed a sur-reply (Dkt. #15). On August 11, 2017, Albert requested the Court stay litigation while Albert was assigned to a new prison unit (Dkt. #14); the Court granted this request on August 16, 2017 (Dkt #16). The stay was lifted on August 23, 2017 (Dkt. #18). On August 31, 2017, Albert filed a second sur-reply to Officer Zehetner's Motion to Dismiss (Dkt. #19).

On November 6, 2017, the Magistrate Judge entered an amended report and recommendation (Dkt. #24),[2] recommending that Officer Zehetner's Motion to Dismiss and to Declare Plaintiff Vexatious (Dkt. #5) be granted. Specifically, The Magistrate Judge found that Plaintiff's claims under § 1983 were barred by *Heck v. Humphrey*; and Plaintiff was unable to state a claim under the Texas Penal Code, Code of Criminal Procedure, or Texas Constitution in this proceeding. Additionally, because Plaintiff's prior fifteen cases related to the same issues and overall, established a pattern that demonstrates that Plaintiff seeks "to harass the many parties involved, and to assert frivolous arguments," the Magistrate Judge recommended that Plaintiff be

---

[2] Per the Court's docket, the Magistrate Judge entered an amended Report and Recommendation due to an error in the upload of the original Report and Recommendation (Dkt. #22).

3

sanctioned from proceeding *in forma pauperis* with any new civil action in the Eastern District of Texas regarding claims related to his 2007 criminal conviction for aggravated robbery unless he first obtains leave from a district judge of this Court. On November 20, 2017, Albert filed Plaintiff's Motion to Amend Original Complaint (Dkt. #25).[3] On December 4, 2017, Officer Zehetner filed Defendant's Objections to Plaintiff's Response to Magistrate Judge's Amended Report and Recommendation (Dkt. #27). On December 13, 2017, Albert filed an Objection to Defendant Response to Magistrate Judge Recommendation Plaintiff's Response to Recommendation (Dkt. #28).

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). Broadly construing his objections, Albert objects to the Magistrate Judge's characterization of his claims as *Heck*-barred (Dkt. #25 at p. 3), and the Magistrate Judge's recommendation that he be declared a vexatious litigant (Dkt. #25 at p. 6).

*1.* **Heck** *Bar*

Albert asserts that the Magistrate Judge incorrectly found his claims were *Heck*-barred because he "is not challenging his conviction; and does not mention any relief pertaining to his conviction," and instead, he "presents to the court's [sic] that it was a crime committed during [Albert's] arrest by Officer Zehetner" (Dkt. #25 at p. 3). Plaintiff asserts that he "challenges the objective reasonableness of his arrest," namely that "Officer Zehetner arrested him and made false

---
[3] Because the entirety of Albert's Motion to Amend disputes the conclusions drawn in the Report and Recommendation, the Court construes the Motion to Amend to also state objections to the Magistrate Judge's Report and Recommendation.

statements, and falsified records" (Dkt. #25 at pp. 3–4). Plaintiff claims that Officer Zehetner's alleged false statements caused him to be prosecuted and ultimately convicted for aggravated robbery (Dkt. #25 at p. 4). Broadly construing Plaintiff's pleadings, he seeks "to have [Officer Zehetner]" investigated for a crime committed," and "face charges for his crime's [sic] that he committed against [Albert]" (Dkt. #25 at pp. 4–5).

The Magistrate Judge found that:

> In the present lawsuit, Plaintiff is again suing Jim Zehetner, the arresting officer. Plaintiff is contesting the information that Officer Zehetner placed in his offense report concerning whether he caused bodily injury to the greeter. Plaintiff denies he shoved or grabbed the greeter. He argues that Officer Zehetner fabricated his report …. In the instant case, a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction (i.e., that Defendant falsified his police report by falsely reporting that Plaintiff pushed [the Walmart greeter] to the floor, which subsequently resulted in Plaintiff's conviction for aggravated robbery). Plaintiff alleges no facts (and the record does not demonstrate) that his criminal conviction has been reversed, vacated, or otherwise abrogated …. Accordingly, Plaintiff's claims under § 1983 are barred by *Heck v. Humphrey*. Furthermore, Plaintiff's claim that he does not seek to overturn his conviction through this lawsuit does not change this result. Plaintiff's attempt to re-characterize his claims by averring he does not seek to overturn his conviction does not defeat the *Heck* bar.

(Dkt. #24 at pp. 6–8) (internal citations omitted).

"[*Heck v. Humphrey*, 114 S.Ct. 2364 (1994)] dictates that when a person ... brings a section 1983 claim against the arresting officers the district court must first 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.' If so, the claim is barred unless the conviction has been reversed or declared invalid." *Camacho v. City of El Paso, Texas*, No. EP:15-CV-00318-PRM-RFC, 2016 WL 3519662, at *6 (W.D. Tex. June 22, 2016) (quoting *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000)). *Heck* has previously been applied to civil rights lawsuits against the arresting officers. *See, e.g., Hudson v. Hughes,* 98 F.3d 868, 872 (5th Cir. 1996). In *Camacho*, the court found, similar to here, that a plaintiff's claim that police officers had falsified reports was *Heck*-barred because "[s]uccess on

5

such claim would necessarily imply that the state court decision was wrongly decided." 2016 WL 3519662, at *21; *see also Jackson v. Cty.*, No. SA-15-CV-00509-XR, 2016 WL 6205818, at *1 (W.D. Tex. Oct. 24, 2016) (the court found the plaintiff's allegation that police officers generated a false police report was *Heck*-barred).

The Court agrees with the Magistrate Judge's conclusion (and the 2009 court's conclusion addressing identical claims against Officer Zehetner)[4] that Albert's claim under § 1983 is barred by *Heck* because a judgment in favor of Albert on his claim that Officer Zehetner falsified his police report (ultimately leading to Albert's conviction) would necessarily imply the invalidity of Plaintiff's conviction. *See Camacho*, 2016 WL 3519662, at *21 (Plaintiff's assertion that false police reports resulted in a criminal conviction was barred by *Heck* because "[s]uccess on such claim would necessarily imply that the state court decision was wrongly decided").

Moreover, Albert is not entitled to have Officer Zehetner investigated and criminally prosecuted. As relief, Albert contends that:

> [his] claims should be remanded back to state court and a[n] investigation if the Defendant violated Tex. Penal Statute's [sic] 37.02, 37.09, 37.10; and if so, he should face charge's [sic] for his wrongdoing's [sic] in violating criminal statute's [sic]. It's been proven in a N. Carolina case this week that police officer's [sic] lie; and broke law's [sic] because, N. Carolina officer was convicted of murdering a black man in cold-blood; so this court has a[n] obligation to allow Plaintiff his right to file charges against Officer Zehetner for crime's [sic] committed against him. And this again has no barron [sic] on Plaintiff's conviction

(Dkt. #28 at p. 3). However, "the Supreme Court has held that private citizens lack a justicially cognizable interest in the prosecution or non-prosecution of another. As a private citizen, [the plaintiff] cannot bring criminal charges himself. Private citizens are not entitled to file criminal

---

[4] Importantly, Plaintiff has already been informed that claims identical to these raised in his 2009 federal lawsuit were "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Albert v. 362nd District Court, et al.*, 4:08-CV-418 (E.D. Tex. July 19, 2010).

6

charges, because this is the function of the prosecutor." *McWilliams v. McCormick*, No. 5:08-CV-88, 2008 WL 2810277, at *2 (E.D. Tex. July 21, 2008).

Thus, insofar as Albert attempts to distinguish his claims by asserting that the relief he seeks is not related to his conviction, this argument is meritless because the relief sought and/or the title given to the claim do not alter the underlying analysis. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81–82, (2005); *see also Garza v. Young*, No. 6:15-CV-808, 2016 WL 3436438, at *4 (E.D. Tex. Feb. 1, 2016), *report and recommendation adopted,* No. 6:15-CV-808, 2016 WL 3346213 (E.D. Tex. June 15, 2016) (citing *Mann v. Denton Cty. Tex.,* 364 F. App'x 881, 882 (5th Cir. 2010)); *Melendez v. Gutierrez*, No. EP-11-CV-136-PRM-DCG, 2011 WL 3847136, at *4 (W.D. Tex. July 26, 2011), *report and recommendation adopted,* No. EP-11-CV-136-PRM, 2011 WL 3846835 (W.D. Tex. Aug. 30, 2011). Accordingly, this objection is overruled.

2.  ***Leave to Amend***

Albert has a filed a Motion to Amend his complaint,[5] but he fails to address how he may amend his "fatally infirm" claims: Plaintiff cannot satisfy the requirements of *Heck*. *Malone v. Johnson*, No. 3:15-CV-3717-L-BK, 2016 WL 3189829, at *3 (N.D. Tex. Apr. 25, 2016), *report and recommendation adopted,* No. 3:15-CV-3717-L, 2016 WL 3166605 (N.D. Tex. June 7, 2016) ("granting leave to amend would be futile and cause needless delay" because the *pro se* plaintiff could not establish the *Heck* conditions had been met); *see also Jordan v. Nelms*, No. CIV.A. 3:02-

---

[5] The Court has construed the Motion to Amend to also state objections to the Magistrate Judge's Report and Recommendation.

CV-1043-M, 2002 WL 1461906, at *1 (N.D. Tex. July 1, 2002) (Lynn, J.) (the court would not grant the *pro se* plaintiff leave to amend "as the amendment would be futile, since Plaintiff cannot satisfy the requirements of *Heck*"). A claim that falls under the rule announced in *Heck v. Humphrey* "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir. 1996). Because Plaintiff did not establish in his Motion to Amend that his 2007 conviction for aggravated robbery has been reversed, expunged, invalidated, or otherwise called into question, Plaintiff shall not be granted leave to amend his complaint prior to dismissal.[6] Moreover, Albert's claims have already once been dismissed with prejudice, further counseling against granting leave to amend.

3. *Vexatious Litigant*

Broadly construing Albert's objections, he also asserts that he should not be declared a vexatious litigant because Officer Zehetner has committed a crime against him and as "a person that has been lied on," he "will most likely never stop[] fighting" (Dkt. #25 at pp. 6–7). The Magistrate Judge found that:

> the only possible way to deter Plaintiff from filing frivolous suits in the future is to require that he receive the Court's permission prior to such filings …. over the last ten years, Plaintiff has filed 15 other lawsuits, habeas corpus proceedings, and appellate proceedings against individuals connected to his 2007 criminal conviction for aggravated robbery, all of which have resolved in a manner adverse to Plaintiff; a pattern that demonstrates that Plaintiff seeks "to harass the many parties involved, and to assert frivolous arguments." The undersigned finds it appropriate under Rule 11 to sanction Plaintiff from proceeding *in forma pauperis* with any new civil action in this Court regarding claims related to his 2007 criminal conviction for aggravated robbery unless he first obtains leave from a district judge of this Court and subjecting any removed or transferred cases to summary dismissal should Plaintiff not seek leave to proceed within thirty days of transfer or removal.

---

[6] Based on the record, Plaintiff is unable to establish he has met the *Heck* conditions. Plaintiff's direct appeal of his conviction resulted in affirmance of his criminal conviction. *Albert*, 2008 WL 23330941 at *1. Both of Plaintiff's habeas petitions have been denied. *See Albert*, 4:08-CV-481; *Albert*, 4:09-CV-219.

(Dkt. #24 at pp. 12–13) (internal quotation marks and citations omitted).

"[S]anctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims." *Allen v. Travis*, No. CIV.A.3:06-CV-1361-M, 2007 WL 1989592, at *4 (N.D. Tex. July 10, 2007) (citing *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993)). Where plaintiffs are "abusing the judicial process by such filings and [are] delaying the consideration of meritorious claims," requiring a plaintiff to receive the permission of the Court before filing a lawsuit is appropriate. *Liptak v. Banner*, No. CIV.A. 301CV0953M, 2002 WL 378454, at *6 (N.D. Tex. Mar. 7, 2002) (quoting *Murphy v. J.A. Collins,* 26 F.3d 541, 544 (5th Cir. 1994); *Balawajder v. Scott,* 160 F.3d 1066, 1067 (5th Cir. 1999)). Albert's extensive litigation history supports the Magistrate Judge's recommendation that he should be required to first seek leave of the Court before he is allowed to proceed *in forma pauperis* with any new civil action in this Court regarding claims related to his 2007 criminal conviction for aggravated robbery. With ten years of litigation and fifteen lawsuits, habeas corpus proceedings, and appellate proceedings related to his aggravated robbery conviction, the Court finds, as the Magistrate Judge found, that Albert's actions demonstrate a pattern of behavior wherein he seeks "to harass the many parties involved, and to assert frivolous arguments." Albert's objection that he intends to continue pursuing these claims, after multiple courts have rejected his arguments and contentions, only provides further support for this decision. Accordingly, Albert's objection is overruled.

## CONCLUSION

Having considered Plaintiff Verlee Albert, Jr.'s timely filed objections (Dkt. #25), and having conducted a de novo review, the Court adopts the Magistrate Judge's amended report (Dkt. #24) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant Jim Zehetner's Motion to Dismiss and to Declare Plaintiff Vexatious (Dkt. #5) is **GRANTED**, and Plaintiff Verlee Albert, Jr.'s Motion to Amend Original Complaint (Dkt. #25) is **DENIED**. Plaintiff Verlee Albert, Jr.'s claims against Defendant Jim Zehetner are hereby **DISMISSED**.

It is further **ORDERED** that Plaintiff Verlee Albert, Jr. is prohibited from proceeding *in forma pauperis* with any new civil action in the Eastern District of Texas regarding claims related to his 2007 criminal conviction for aggravated robbery unless he first obtains, from a district judge of this Court, leave to proceed *in forma pauperis*. Additionally, if a civil action is removed or transferred to this Court, the case should be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Plaintiff Verlee Albert, Jr. seeks, in writing, leave from a district judge of this Court to proceed in this Court.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
**SIGNED this 8th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE